# IN RE DUNCAN.

---

PATENTS; AMENDMENTS; BURDEN OF PROOF; CLAIMS.

1. The settled limitation upon the amendment of applications in respect of claims is that there must be a basis for them in the description and specifications of the application as originally filed (following *Re Dilg*, 25 App. D. C. 9); and on an appeal from a decision of the Commissioner rejecting a claim which has been added by amendment, the burden is on the applicant to show that the claim is within the description of his original application.

2. In machine construction, the expression "mounted on" seems to have an ordinary meaning. The thing mounted upon another must be borne or supported by it. Mere riding in or over another in a slot

for the purpose, although operating in connection therewith, is not equivalent to being mounted thereon.

No. 380. Patent Appeals. Submitted November 21, 1906. Decided December 4, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting a claim in the application for a patent.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal [by Harold M. Duncan, Charles H. Pritchard, and Charles R. Macaulay] from a decision of the Commissioner of Patents refusing the 36th claim for a patent for improvement in type-casting machines. The claim reads as follows:

"36. In a type mold such as described, provided with a sectional mold blade and in combination therewith a latch mounted upon one mold-blade section in position to engage a shoulder on the other section when their casting faces are in alignment, and an actuating connection coupled with one mold-blade section."

The invention of the application is described by the Examiner in the following words:

"The invention, generally, relates to type-casting machines wherein it is possible to cast full body type or short or low quads and spaces, and to this end the mold blade, as disclosed in each application, is divided longitudinally into sections, an upper and a lower section, the upper section resting upon and capable of movement independent of the lower section. When the mold is employed for casting full body or character type, the two mold sections are maintained in a fixed relation to each other so that their casting faces will be in the same plane, but when short or low quads and spaces are required the sections are uncoupled so as to be capable of independent movement, the one to cut off or close the matrix end of the mold, and the other to measure the width of the mold cavity below or in rear of the cut-off."

By the Examiner's decision, claims 32, 33, 34, and 35, as well as 36, of the appellants' application, were rejected. On appeal to the Examiners-in-Chief, he was reversed as to all but No. 36. Their decision was in turn affirmed by the Commissioner. It appears from the record that there had been several interferences in the Patent Office relating to applications for improvements in type-casting machines, to some of which the appellants were parties. One Eschinger, one of the parties to one of the proceedings, it seems, had a claim substantially the same as No. 36. In those proceedings the Examiner refused to dissolve the interference in which Eschinger was a party, on the ground that the original disclosure in the appellants' application did not offer a sufficient basis for the structure as embodied in the issues in interference.

April 21, 1905, by amendment the appellants presented the aforementioned claims, 32 to 36 inclusive. The description in their original application, on which these claims are founded, is the following:

"The cross-pin 12 through which motion is transmitted from slide 2 to the mold-blade, in dimensioning the mold, is utilized for effecting this shifting of the sections one upon the other, to which end said cross-pin is rendered movable in its bearings and caused to act upon the upper section 10, to advance and retract it as desired. In the present embodiment the cross-pin 12 is longitudinally movable and is formed in cross-section with a straight section 13 riding in a slot 14 in the lower mold-blade section 11, and a flanged or cam section 15 riding in a slot 16 in the upper section 10."

*Mr. Joseph B. Church* and *Mr. Melville Church* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The settled limitation upon the amendment of applications in respect of claims is that there must be a basis for them in the

description and specifications of the application as originally filed. *Re Dilg,* 25 App. D. C. 9, 19. The burden is upon the appellants, therefore, to show that this claim 36, which is the only one now in issue, was within the description aforesaid. There was a difference between the decision of the Examiners-in-Chief and the Commissioner as regards the latch mechanism in the mold-board section. He sustained their decision denying the claim, however, making the following statement:

"I am not convinced, however, that the latch may be considered as being 'mounted upon one mold-blade section,' as stated in this claim. The latch or cross-pin is described by applicants as—'* * * movable in its bearings and caused to act upon the upper section 10, to advance and retract it as desired. In the present embodiment the cross-pin 12 is longitudinally movable and is formed in cross-section with a straight section 13 riding in a slot 14 in the lower mold-blade section 11.'

"It seems clear from the applicants' disclosure that the bearings for the latch are formed in the arms of the slide 2, and the straight section 13 of the latch merely rides in the slot in the mold blade. Manifestly, the latch is 'mounted upon' the slide, and not on the mold blade, as required by this claim."

The ambiguity in the description in the application as applied to this particular mechanism is apparently due to the fact that this claim was not in mind when the application was prepared, and has been suggested by the claim of a conflicting application. Without going into the question at length, we think it sufficient to say that we are satisfied with the statement which has been quoted above from the Commissioner's decision. The expression "mounted upon" seems to have an ordinary meaning in machine construction. The thing mounted upon another must be borne or supported by it. Mere riding in or over another in a slot for the purpose, although operating in connection therewith, is not equivalent to being mounted thereon.

Finding no error in the decision rejecting claim 36, it will

be affirmed. ' It is ordered that the clerk certify this decision to the Commissioner of Patents, as required by law.

*Affirmed.*